1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   RICK DAVE DESHON,                         No. 2:13-cv-2084 DAD P
12                  Petitioner,
13        v.                                   ORDER
14   PLACER COUNTY,
15                  Respondents.
16

17         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas
18  corpus pursuant to 28 U.S.C. § 2254.  Petitioner has also filed an application to proceed in forma
19  pauperis.
20         Examination of the in forma pauperis application reveals that petitioner is unable to afford
21  the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See
22  28 U.S.C. § 1915(a).
23                              **PRELIMINARY SCREENING**
24         After reviewing the petition filed in this action, the court has determined that the pending
25  habeas petition must be dismissed with leave granted to file an amended petition.  As an initial
26  matter, it is not clear to the court what judgment of conviction petitioner is challenging in his
27  petition now before the court.  The form petition asks petitioner to list the date that he was
28  convicted and sentenced, but he has left the space for his response to that question blank.  The

form petition also asks petitioner when he expects to be released from confinement. To that inquiry petitioner has responded that he expect to be released on April 18, 2006. In any amended petition, petitioner will need to clarify what conviction he is seeking to challenge and whether he has already fully served the sentence imposed with respect to that conviction. Petitioner is advised that if he is challenging a conviction for which he has fully served his sentence, he may not meet the "in custody" requirement of § 2254.[1] See 28 U.S.C. § 2254(a).

In addition, the form petition asks petitioner to state briefly his grounds for relief. Petitioner's sole claim as stated in the now pending petition is that his counsel did not properly defend him. However, petitioner does not allege any facts to support this ineffective assistance of counsel claim. Rather, he only states that he had one charge and was looking at a sentence of ten years, and his co-defendant had six charges and was looking at a sentence of twenty-five years to life. According to petitioner, he ultimately was sentenced to serve sixteen years in prison, and his co-defendant received a one-year county jail term. Petitioner is advised that, to support a claim of ineffective assistance of counsel, he must allege facts showing that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To make such a showing, petitioner will need to identify his counsel's acts or omissions that fell outside of the range of professionally competent assistance. See id. at 690. In addition, petitioner must establish that he was prejudiced by his counsel's deficient performance. See id. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

/////

/////

/////

---

[1] Petitioner has submitted to the court copies of two decisions from the Placer County Superior Court. That state court has recently rejected three petitions for writ of habeas corpus filed by petitioner because he was challenging convictions for which he had already completed his sentence. The Superior Court in one of its decisions remarked that petitioner was currently in jail on a pending possession of a controlled substance charge and was awaiting trial and was not "in custody" with respect to his prior convictions he sought to challenge.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 5) is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition." Failure to file an amended petition will result in dismissal of this action; and

4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

Dated: February 3, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
desh2084.amd