UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DAVE DESHON, | No. 2:13-cv-2084 DAD P |
| Petitioner, | |
| v. | ORDER |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se. In accordance with the court's February 4, 2014 order, petitioner has filed an amended petition for a writ of habeas corpus.

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

In his amended petition for writ of habeas corpus, petitioner challenges a 2007 judgment of conviction for oral copulation by force entered against him in the Placer County Superior Court. According to the form petition, petitioner pled nolo contendere to that charge during his criminal proceedings. However, according to his pending petition petitioner did not appeal that judgment of conviction and has not filed any other petitions, applications, or motions with respect to this judgment in state court. In his petition, petitioner claims that his plea was involuntary and that he received ineffective assistance of counsel. (Am. Pet. at 2-6.)

## DISCUSSION

The instant petition will be dismissed because petitioner has failed to exhaust state court remedies.[1] It is well established that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion may only be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion may not be implied or inferred. Thus, state courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting those claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

/////

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. No. 7)

Here, petitioner acknowledges on his form habeas petition filed in this court that he did not appeal the judgment of conviction he challenges and has not filed any other petitions, applications, or motions challenging his judgment of conviction in state court. (Pet. at 2-4.) In addition, according to the California Supreme Court website, petitioner has not filed any appeals or habeas petitions before that court related to his 2007 judgment of conviction. Finally, petitioner has not alleged that state court remedies are no longer available to him. Accordingly, petitioner's claims for federal habeas relief are unexhausted and will be dismissed without prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus (Doc. No. 9) is dismissed without prejudice for failure to exhaust state court remedies;

2. This court declines to issue a certificate of appealability; and

3. This action is closed.

Dated: March 21, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
desh2084.156